**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Russell Files,<br><br>　　　　　　　Defendant. | No. CR-13-00436-PHX-DGC<br><br>**ORDER** |

Defendant Russell Files filed a "notice of removal of criminal action from Superior Court of the State of Arizona" on March 27, 2013. Doc. 1. The State filed a response on April 8, 2013, asking the Court to remand the case. Doc. 2. On April 19, 2013, the Court issued an order granting the State's request and remanding the case to Maricopa County Superior Court. Doc. 3. On April 29, 2013, Defendant filed a motion to reconsider (Doc. 4), and on May 1, 2013, the State filed a response (Doc. 6) at the Court's request. For the following reasons, the Court will grant Defendant's motion to reconsider.

**I.　　Legal Standard.**

Motions for reconsideration are generally disfavored and are not the place for parties to make new arguments not raised in their original briefs. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988). Nor is it the time to ask the Court to rethink its analysis. *See United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E. D. Va. 1983)). The Court may grant motions for

reconsideration only if (1) it is presented with newly discovered evidence, (2) it committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

**II.     Discussion.**

Defendant is an employee of the U.S. Department of Agriculture. He is accused of trapping his neighbor's dog on his front lawn and has been charged with cruelty to animals, a class 6 felony under state law. He seeks to remove his case to this Court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1).

In its April 19 order, the Court found that Defendant was not a person within the meaning of the Federal Officer Removal Statute. Defendant contends that the Court misinterpreted the statute. Section 1442(a)(1) states:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

Defendant asserts that he is an officer of an agency of the United States and that this prosecution arises out of an "act under color of such office." In its April 19 order, the Court found that Defendant was not an officer because he made no showing that his actions were related to the apprehension or punishment of criminals or the collection of revenue. Doc. 3 at 2. Upon reconsideration, the Court concludes that such a showing is not required in all cases. The language of the statute suggests that an officer of a federal agency may remove an action based on "any act under color of such office *or* on account of any right title or authority claimed under any Act of Congress for the apprehension or

punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1) (emphasis added). This interpretation appears to be supported, at least in part, by the Ninth Circuit's decision in *Medical Development International v. California Dept. of Corrections and Rehabilitation*, 585 F.3d 1211 (9th Cir. 2009), where the court quoted the "any act under color of such office" language in § 1442(a)(1) as applying to a court-appointed receiver who clearly was not involved in the apprehension or punishment of criminals or the collection of the revenue. *Id.* at 1216.[1] In addition, the Supreme Court has instructed that "the right of removal" created by § 1442(a) "is absolute for conduct performed under color of federal office, and . . . the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (internal quotation marks omitted). The Court thus concludes that a showing that the act in question arises "under color of such office" is sufficient for removal even if there is no showing that the actions are related to the apprehension or punishment of criminals or the collection of revenue, and that its previous interpretation was clear error.

Other requirements also apply. The Ninth Circuit has held that removal is appropriate when (1) the removing defendant is a person within the meaning of the Federal Officer Removal statute; (2) there is a causal nexus between the defendant's actions and the plaintiff's claims; and (3) the defendant can assert a "colorable federal defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251-53 (9th Cir. 2006). Although Defendant satisfies the first prong, the State argues that remand is still appropriate because there is no causal nexus between Defendant's actions and the State's claims, and that the Defendant cannot assert a colorable federal defense.

28 U.S.C. § 1455 sets forth the procedures for removal of criminal prosecutions.[2]

---

[1] The *Medical Development* decision is not entirely clear because the receiver was entitled to remove under § 1442(a)(3), another provision cited by the Ninth Circuit. *Id.* at 1216. But the Ninth Circuit also cited § 1442(a)(1) and quoted language from that provision as applying to the receiver, suggesting § 1442(a)(1) is not limited to law enforcement and tax collection officers.

[2] The procedures were formerly codified at 28 U.S.C. § 1446(c).

It states that the district court shall promptly examine a notice for removal and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). If summary remand is not ordered, the court "shall order an evidentiary hearing." 28 U.S.C. § 1455(b)(5). The State's additional arguments amount to factual questions that are insufficient grounds for summary remand.

The State first argues that there is no nexus between Defendant's actions and the State's claims because the Defendant trapped his neighbor's dog "not through the ordinary course of his job, but to get revenge for it having trespassed . . . on his lawn." Doc. 2 at 5. Attached to the notice of removal, however, is a letter from Defendant's supervisor at the United States Department of Agriculture, Animal and Plant Health Inspection Service, Wildlife Services, that says Defendant was given permission to capture the animal, was working under federal authority, and was working "under recommended procedures and within the scope of his employment." Doc. 1-1 at 4. This letter gives rise to a factual dispute that precludes summary remand.

The State next asserts that Defendant cannot raise a colorable federal defense because his conduct was more than necessary and proper in the performance of his duty and that any law that purported to authorize his actions would be unconstitutional. The Supreme Court has held that officer removal must be allowed in more than cases where "the officers [have] a clearly sustainable defense." *Willingham v. Morgan*, 395 U.S. 402, 407 (1969). If a clearly sustainable defense were required, "the suit[s] would only be removed to be dismissed . . . [while] one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. The officer need not win his case before he can have it removed." *Id*. In *Clifton v. Cox*, 549 F.2d 722, 725 (9th Cir. 1977), the Ninth Circuit explained that the Supremacy Clause prevented a federal officer from being "held on a state criminal charge where the alleged crime arose during the performance of his federal duties." The court went on to hold that "[t]he proper application of this standard does not require a petitioner to show that his

action was in fact necessary or in retrospect justifiable, only that he reasonably thought it to be." *Id*. at 728.  The State argues that Defendant's defense will not ultimately succeed, but it has not established that the Defense is not colorable.  Because Defendant has asserted a federal defense that is at least colorable, summary remand is precluded.  *See Hawaii v. Broughton*, No. Cr. 13-00415 2013 WL 3288381 at *5 (D. Haw. Jun. 28, 2013); *New York v. Tanella,* 239 F. Supp. 2d 291, 298 (E.D.N.Y.2003).

Pursuant to 28 U.S.C. § 1455(b)(5), a court that does not order summary remand "shall order an evidentiary hearing to be held promptly and, after such hearing, shall make such disposition of the prosecution as justice shall require."  The Court will schedule an evidentiary hearing to determine whether removal shall be permitted.

**IT IS ORDERED:**

1. Defendant's motion for reconsider (Doc. 4) is **granted**.
2. An evidentiary hearing on the subject of removal will be held on **July 24, 2013, at 10:00 a.m.**  The parties shall confer in advance on the evidence and procedures to be followed at the hearing, and shall file a joint memorandum on these matters by the close of business on **July 19, 2013**.

Dated this 8th day of July, 2013.

_____
David G. Campbell
United States District Judge