**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,<br><br>    Plaintiff,<br><br>v.<br><br>Russell Files,<br><br>    Defendant. | No. CR13-00436-PHX-DGC<br><br>**ORDER** |

  At all times relevant to this case, Defendant was an employee of the U.S. Department of Agriculture, Animal and Plant Health Inspection Service, Wildlife Services. He is accused of trapping his neighbor's dog on his front lawn and has been charged by the State of Arizona with cruelty to animals, a class 6 felony. He seeks to remove his case to this Court pursuant to 28 U.S.C. § 1442(a)(1).

  The Court previously found that it could not summarily remand this case to state court and that an evidentiary hearing was required under 28 U.S.C. § 1455(b)(5). Doc. 7. The Court held that hearing on September 9, 2013.

  Before the hearing, the parties agreed that Defendant was a federal officer at the time of the alleged offense in this case. The parties also agreed that the Court must consider two issues in deciding whether removal was proper: whether there is a causal nexus between Defendant's duties as a federal officer and the claims in this case, and whether Defendant can assert a colorable federal defense. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

At the hearing, Defendant presented evidence of the following facts: Wildlife Services engages in animal trapping in urban areas when needed, Defendant sought and obtained authorization from the District and State Directors of Wildlife Services to trap his neighbor's dog, Defendant sought the authorization because the dog presented a health and safety risk to Defendant's children and others, Defendant completed the Wildlife Services paperwork necessary to carry out the capture, and the leg-hold trap used to capture the dog was authorized in the paperwork and humane. The State presented evidence of the following:  the dog was not aggressive, Defendant never complained that the dog was aggressive before trapping it, Defendant had a falling-out with his neighbors who owned the dog, Defendant used improper baiting methods, Defendant failed to post signs warning about the trap, Defendant used an inhumane method to trap the dog, Defendant faced a conflict of interest because his wife was the complainant, and Wildlife Services is not authorized to trap personal property such as pets.

Although much of this evidence is disputed, the State concedes that Defendant was a federal wildlife officer at the time in question, and the State presented no evidence to dispute that he obtained authorization to trap the dog from the District Director and State Director of Wildlife Services. The Court finds that these facts establish a sufficient nexus between Defendant's federal position and the events at issue in this case to satisfy the nexus test of *Durham*, 445 F.3d at 1251.

The Court also concludes that Defendant has raised colorable federal defenses. These include the defense of immunity, which requires Defendant to show that he did no more than necessary to perform his duty and reasonably believed that his actions were necessary, *Clifton v. Cox*, 549 F.3d 722, 730 (9th Cir. 1977), and the defense of public authority, which requires proof that Defendant reasonably believed a government agent had authorized him to engage in an illegal act, *United States v. Bear*, 439 F.3d 565, 568 (9th Cir. 2006). The State vigorously disputes these defenses, arguing that Defendant's actions exceeded his authority, were not authorized by Wildlife Services policy, and were

not reasonable. But the Court need not conclude that Defendant will succeed on these defenses, or even that he is likely to succeed. The Court need only conclude that the defenses are colorable. *Durham*, 445 F.3d at 1251. In light of the testimony presented at the hearing, the Court finds the defenses colorable.

The Court reaches this conclusion in light of the Supreme Court's instructions regarding the removal statute at issue in this case. The Supreme Court has instructed that "the right of removal" created by § 1442(a)(1) "is absolute for conduct performed under color of federal office, and . . . the policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." *Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) (internal quotation marks omitted). The Supreme Court has explained:

> The federal officer removal statute is not "narrow" or "limited." At the very least, it is broad enough to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law. One of the primary purposes of the removal statute – as its history clearly demonstrates – was to have such defenses litigated in the federal courts. The position of the court below would have the anomalous result of allowing removal only when the officers had a clearly sustainable defense. The suit would be removed only to be dismissed. Congress certainly meant more than this when it chose the words "under color of . . . office." In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court. The officer need not win his case before he can have it removed. In cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).

*Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969).

The Court concludes that removal of this case was proper under § 1442(a)(1). As discussed with the parties at the end of the hearing, this case will proceed under the Federal Rules of Criminal Procedure.

**IT IS ORDERED:**

1. The Court will not remand this case to state court.

2. Trial is set for October 8, 2013. This is the Court's usual October trial

1    setting, and the Court will call a status conference in this case later this
2    month.
3    Dated this 9th day of September, 2013.

_____
David G. Campbell
United States District Judge